LATINO OFFICERS ASSOCIATION, NEW YORK, INC. and Anthony Miranda (in his capacity as President of the Latino Officers Association, New York, Inc. on behalf of its members), Plaintiffs,

v.

The CITY OF NEW YORK, The Police Department of the City of New York, Rudolph W. Giuliani, Mayor of the City of New York, Howard Safir, Police Commissioner of the City of New York, Defendants.

No. 97 Civil 1384.

United States District Court, S.D. New York.

June 6, 1997.

Jonathan N. Fuchs, New York City, for Plaintiffs.

Paul A. Crotty, Corporation Counsel of the City of New York by Georgia Pestana, Assistant Corporation Counsel, New York City, for Defendants.

CEDARBAUM, District Judge.

The plaintiffs in this case, the Latino Officers Association and its president, Anthony Miranda, have requested that this court issue a temporary restraining order prohibiting the New York City Police Department from preventing the members of the Latino Officers Association from marching in uniform behind the banner of their organization at the Puerto Rican Day Parade to be held this weekend.

The Police Department has offered members of the Latino Officers Association two options: (1) they may march in uniform behind the banner of the Hispanic Society, a separate and distinct organization with views to which the members of the Latino Officers Association do not subscribe; or (2) they may march behind the banner of the Latino Officers Association but in that case they may not march in uniform as police officers.

Counsel for the Police Department explained the Police Department's last-minute decision in this matter as necessary to preserve proper order and discipline of police officers who participate in the parade. Apparently there was some friction and disruption in last year's parade in which members of the Latino Officers Association marched in uniform behind their organization's banner and members of the Hispanic Society marched in uniform behind their organization's banner. Assuming without deciding that this might justify the refusal to permit competing banners, it cannot justify under the Constitution conditioning the wearing of

a police uniform on expressing adherence to one particular organization.

The Police Department argues that the wearing of a police uniform in a parade is not a constitutional right. It is true that the Police Department is not required to permit police officers to march in uniform. However, in this case the Police Department is permitting police officers to march in uniform, but only if they march behind the banner of one particular organization. The members of the Latino Officers Association do not agree with the views of the Hispanic Society. Thus, by conditioning the wearing of police uniforms in this parade on marching behind the banner of the Hispanic Society, the Police Department is infringing the officers' right to free expression in violation of the First Amendment as applied to the states through the Fourteenth Amendment. *Cf. Wooley v. Maynard,* 430 U.S. 705, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977).

Furthermore, by refusing to permit police officers who do not wish to walk behind the banner of the Hispanic Society to march in uniform, the Police Department discriminates against officers who do not wish to support the Hispanic Society. The Police Department has not proffered any rational basis for permitting only officers who support the Hispanic Society to march in police uniform. This raises a serious issue under the equal protection clause of the Fourteenth Amendment.

Issuance of a preliminary injunction is appropriate when the party seeking such equitable relief demonstrates both irreparable harm and a likelihood of success on the merits. *Malkentzos v. DeBuono,* 102 F.3d 50, 54 (2d Cir.1996). A violation of the First Amendment of the Constitution of the United States is irreparable harm, *Elrod v. Burns,* 427 U.S. 347, 373–74, 96 S.Ct. 2673, 2690, 49 L.Ed.2d 547 (1976), and in this case, there is a likelihood of success on the merits of that claim.

Accordingly, the defendants are enjoined from conditioning the wearing of a police uniform in the Puerto Rican Day Parade on marching behind the banner of the Hispanic Society.

SO ORDERED.